UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyreze Hughes, #26627, | ) | C/A No. 2:09-1719-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina, "and/or" County of Charleston, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Tyreze Hughes, brings this action pursuant to 42 U.S.C. § 1983 alleging false arrest and false imprisonment in connection with his arrest, and subsequent acquittal, of burglary charges. Mr. Hughes is a federal pretrial detainee housed at the Charleston County Detention Center.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss this case. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 30, 2009. The plaintiff

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

responded with timely objections to the Report noting that he has also filed, presumably in state court, a civil action against the defendants under the South Carolina Tort Claims Act. The plaintiff suggests that if the proper parties are named or identified, he would have a "bona fide" § 1983 claim.

The Magistrate Judge correctly opines that defendant State of South Carolina is immune from suit under the Eleventh Amendment which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002).

While the Eleventh Amendment immunity does not apply to defendant Charleston County, it is not responsible for the alleged violations of the plaintiff's constitutional rights. Therefore, Charleston County is not a proper party defendant.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this action is dismissed *without prejudice* and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 9, 2009
Columbia, South Carolina

2